UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
CINDY CAPUTE, DOROTHY LIMBACH and
LATASHA WALLER, on behalf of themselves and
all other persons similarly situated,

Plaintiffs,           **COMPLAINT**

-against-

THE NEW FULTON COMMONS COMPANY LLC,           *Collective and Class Action*

Defendant.
-----------------------------------------------------------------------X

Plaintiffs, CINDY CAPUTE, DOROTHY LIMBACH and LATASHA WALLER ("Plaintiffs"), by and through their attorneys, the Law Office of Peter A. Romero PLLC, on behalf of themselves and all other persons similarly situated, allege as follows:

<u>NATURE OF THE ACTION</u>

1.    Plaintiffs bring this action against their former employer, Defendant, THE NEW FULTON COMMONS COMPANY LLC ("Defendant"), on behalf of themselves and all other persons similarly situated, to recover unpaid overtime wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA").  Plaintiffs seek to proceed as a collective action on behalf of all persons who are currently, or have been employed by Defendant as a nurse at any time during the three (3) years prior to the filing of their respective consent forms. Plaintiffs seek unpaid overtime wages, liquidated damages, reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b), and other applicable federal law.

2.    Plaintiffs also bring this action on behalf of themselves and similarly situated current and former employees of Defendant pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs seek to proceed as a class action on behalf of all persons who are currently,

1

or have been employed by Defendant as a nurse at any time during the three (3) years prior to the filing of the Complaint in this action.  Plaintiffs seek unpaid overtime wages, liquidated damages, reasonable attorneys' fees, and all other appropriate legal and equitable relief on behalf of themselves and class members under the FLSA.

## JURISDICTION AND VENUE

3.      Jurisdiction of the Court over Plaintiffs' FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331.

4.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391

5.      Defendant does business within the Eastern District of New York and maintains a place of business at 60 Merrick Avenue, East Meadow, New York 11554.

## PARTIES

6.      At all relevant times herein, Plaintiff Cindy Capute is an "employee" entitled to protection under the FLSA.

7.      At all relevant times herein, Plaintiff Dorothy Limbach is an "employee" entitled to protection under the FLSA.

8.      At all relevant times herein, Plaintiff Latasha Waller is an "employee" entitled to protection under the FLSA.

9.      Defendant is a domestic limited liability company organized and existing pursuant to the laws of the State of New York, that operates a 280-bed rehabilitation facility.

10.      Defendant is an "employer" within the meaning of the FLSA.  Defendant's annual revenue exceeds $500,000, and Defendant is engaged in interstate commerce within the meaning of the FLSA as it runs a business that is open to the general public, and also routinely purchases products and supplies provided by outside vendors in the course of its business that originated in

states other than New York, the combination of which subjects Defendant tot eh FLSA's overtime requirements as an enterprise. Furthermore, all of Defendant's employees, including Plaintiff and FLSA Plaintiffs, are individually engaged in interstate commerce, as they handle goods that have been and continue to be moved in interstate commerce.  This independently subjects Defendant to the overtime requirements of the FLSA with respect to Plaintiff and FLSA Plaintiffs.

## FACTUAL ALLEGATIONS

11.     Defendant employs many nurses, including Plaintiffs and each of the FLSA Collective Plaintiffs.

12.     Plaintiff Capute worked for Defendant as a nurse from in or about 2018 to in or about 2022.

13.     Plaintiff Capute's regular rate of pay was $50 per hour.

14.     Throughout Plaintiff Capute's entire period of employment, Defendant required Plaintiff to work, and Plaintiff did in fact work, more than forty hours per week, all for Defendant's benefit.

15.     Defendant paid Plaintiff Capute at her regular hourly rate for all hours worked by her each pay period, including hours that she worked in excess of forty hours per week.

16.     By way of example only, Plaintiff worked a total of 42 hours during the pay period beginning February 13, 2022 and ending February 19, 2022. Defendant paid Plaintiff for all 42 hours worked during that pay period at her regular rate of $50.

17.     Defendant failed to pay Plaintiff Capute overtime at a rate of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty hours per week in violation of the FLSA.

3

18.     Plaintiff Limbach worked for Defendant as a nurse from in or about March 2019 to in or about February 2022.

19.     Plaintiff Limbach's initial regular rate of pay was $44 per hour.

20.     Throughout Plaintiff Limbach's entire period of employment, Defendant required Plaintiff to work, and Plaintiff did in fact work, more than forty hours per week, all for Defendant's benefit.

21.     Defendant paid Plaintiff Limbach at her regular hourly rate for all hours worked by her each pay period, including hours that she worked in excess of forty hours per week.

22.     By way of example only, Plaintiff worked a total of 56 hours during the pay period beginning February 6, 2022 and ending February 12, 2022. Defendant paid Plaintiff for all 56 hours worked during that pay period at her regular rate of $44.

23.     Defendant failed to pay Plaintiff Limbach overtime at a rate of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty hours per week in violation of the FLSA.

24.     Plaintiff Waller worked for Defendant as a nurse from in or about July 2019 to in or about October 2021.

25.     Plaintiff Waller's regular rate of pay was $45 per hour.

26.     Throughout Plaintiff Waller's entire period of employment, Defendant required Plaintiff to work, and Plaintiff did in fact work, more than forty hours per week, all for Defendant's benefit.

27.     Defendant paid Plaintiff Waller at her regular hourly rate for all hours worked by her each pay period, including hours that she worked in excess of forty hours per week.

28.     By way of example only, Plaintiff Waller worked a total of 43 hours during the pay period beginning July 18, 2021 and ending July 24, 2021. Defendant paid Plaintiff for all 43 hours worked during that pay period at her regular rate of $45.

29.     Defendant failed to pay Plaintiff Waller overtime at a rate of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty hours per week in violation of the FLSA.

30.     As a result of the foregoing, Defendant failed to pay Plaintiffs and the FLSA Collective at the required overtime rate of one and one-half times their regular hourly rate of pay for all hours worked in excess of forty hours per week.

31.     Defendant's failure to pay Plaintiffs and the FLSA Collective at the required overtime rate was willful.

## COLLECTIVE ACTION ALLEGATIONS

32.     Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

33.     Upon information and belief, there are other current and former employees who are similarly situated to the Plaintiffs, who have been underpaid in violation of the FLSA.  The named Plaintiffs are representative of those other workers and are acting on behalf of the Defendant's current and former employees' interests as well as their own interest in in bringing this action.

34.     Plaintiffs seeks to proceed as a Collective Action with regard to the First Claim for Relief, pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the following similarly situated employees:

> All persons who are currently, or have been employed by the Defendant as a nurse at any time during the three (3) years prior to the filing of their respective consent forms.

35.     Other persons similarly situated to Plaintiffs who are currently or were formerly employed by Defendant as nurses should have the opportunity to have their claims for violation of the FLSA heard.  These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

36.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.

## RULE 23 CLASS ACTION ALLEGATIONS

37.     Plaintiffs bring FLSA claims on behalf of themselves and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendant as a nurse as at any time during the three (3) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

38.     The Class Members are readily ascertainable.  The number and identity of the Class Members are determinable from the records of Defendants.  The hours assigned and worked, the

position held, and rates of pay for each Class Member may also be determinable from Defendants' records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under F.R.C.P. Rule 23.

39.    The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.  Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendant as a nurse at any time during the three (3) years prior to the filing of this Complaint.

40.    Defendant have acted and/or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

41.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a)    whether Defendants failed and/or refused to pay the Plaintiff and Class Members the overtime wages for hours worked in excess of forty hours in a single workweek;

(b)    whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law;

(c)    what was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class; and

(d)    whether Defendant's general practice of failing and/or refusing to pay Plaintiff and Class overtime pay was done willfully and/or with reckless disregard of the FLSA.

42.     Plaintiffs' claims are typical of the claims of the Class that they seek to represent. Defendants failed to pay minimum wage, failed to pay overtime wages, failed to pay spread-of-hours pay, and failed to maintain required and accurate records of the hours worked by Plaintiffs and the Class.

43.     Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.  All the Class Members were subject to the same corporate practices of Defendant.  Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member.  Plaintiffs and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

44.     Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

45.     Plaintiffs have retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

46.     A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant.

47.     Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The

adjudication of individual litigation claims would result in a great expenditure of Court and public resources. Treating the claims as a class action would result in a significant savings of these costs.

48.     The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

49.     Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

### FIRST CLAIM FOR RELIEF
### (FAIR LABOR STANDARDS ACT)

50.     Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

51.     Defendants employed Plaintiffs and persons similarly situated to Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate in violation of the FLSA.

52.     Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional.

53.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

54.     As a result of Defendant's unlawful acts, Plaintiff and persons similarly situated to Plaintiff are entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

(i.)     Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

(ii.)    Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under FLSA;

(iii.)   Reasonable attorneys' fees and costs incurred in prosecuting these claims; and

(iv.)    Such other relief as this Court deems just and proper.

Dated:  Hauppauge, New York
        August 8, 2022

LAW OFFICE OF PETER A. ROMERO PLLC

*/s Peter A. Romero*

By:     _____
        Peter A. Romero, Esq.
        490 Wheeler Road, Suite 250
        Hauppauge, New York 11788
        (631) 257-5588
        Promero@RomeroLawNY.com

*Attorneys for Plaintiffs*

on my behalf against The New Fulton Company Corp. d/b/a, to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

Cindy L. Capute

**Cindy L. Capute**

7-19-2022

**Date**